## JAMES RECTOR, Adm'r,
### v.
## DAVID REAVILL.

1. ADMINISTRATION OF ESTATES — WIDOW'S AWARD — A DEMAND AGAINST ESTATE.—Where a widow elects to take the amount of the appraised value of her award in money, she has a demand against the estate, and it is not less so when it becomes necessary to resort to the sale of real estate for its discharge.

2. MAY BE PAID OUT OF REAL ESTATE PROCEEDS.—When the personal estate is insufficient to pay the widow's award in full, the balance may be paid out of the proceeds of the sale of real estate, to the exclusion of claims of creditors of the seventh class.

ERROR to the Circuit Court of Crawford county.

Messrs. CALLAHAN, JONES & MAXWELL, for plaintiff in error;

Rector v. Reavill.

that the award should be paid in full to the exclusion of general creditors, cited Rev. Stat. 1877, 112, § 74; Rev. Stat. Chap. 3, § 70.

Messrs. PARKER & OLWIN, for defendant in error; that the widow may take the whole of the personal property, but as to the balance of her award, is on a footing with other creditors, cited Gross' Stat. 1869, 806, § 52; Cruce, Adm'r, v. Cruce et al. 21 Ill. 46; Miller v. Miller, 82 Ill. 463.

TANNER, P. J.   Robert A. Beattie died intestate at Crawford county, in March, 1876, leaving a widow and child.   Letters of administration were granted to the plaintiff in error.   The appraisement bill filed by him in the County Court fixes the value of the personal property left by the intestate at $391.90, and the widow's award at $642.   The widow selected a part of the property at its appraised value, amounting to $128, and elected to take the balance of the award in money.   The remainder of the personal property was sold, and brought $350. The intestate died seized of real estate, and the same was sold by the plaintiff in error under an order of the County Court, but the proceeds of the sale fell far short of liquidating the demands against the estate.   The plaintiff in error filed a report of his proceedings as administrator, showing that he had paid in full the widow's award.

The defendant in error, who was a creditor of the seventh class, objected to the confirmation of the report, upon the ground that where the widow's award is not discharged from the personal estate, she cannot be preferred in the distribution of the proceeds arising from the sale of the real estate.   The County Court sustained the objection, and ordered that the plaintiff in error be charged with $164 erroneously paid to the widow on her award.   From this order and judgment an appeal was taken to the Circuit Court, where the judgment of the County Court was affirmed.   The plaintiff in error brings the case to this court, and assigns for error: the judgment of the Circuit Court affirming the order and judgment of the County Court.

This case presents but a single question, which must be

determined from the statutes in force at the time, in reference to the settlement of the estates of deceased persons.

The Supreme Court, in Cruce, adm'r, v. Cruce et al. 21 Ill. 46, held that where the personal estate was insufficient to discharge the widow's award, and a resort was had to the sale of real estate to liquidate the outstanding indebtedness, the widow was placed upon the footing of other creditors, and her demand controlled by the statutory classifications—that she became, under the statute, a fourth-class creditor, and in case the estate should be insolvent, she had to share in the distribution of the proceeds of the sale of real estate *pro rata.*

However sound or unsound this construction of the statute may have been, it was not in accord with public opinion at that time, and the General Assembly, at the first session thereafter, hastened to relieve widows in the future, in such cases, from the effect of this construction of the statute by the passage of an act entitled "An act to amend chapter 109 of Revised Statutes, entitled Wills, in force March, 1869, which declared that the widow of a deceased person shall be entitled to receive what is known as the widow's award, whether her husband die testate or intestate, and the same shall be considered and classed as number one preferred." This act remained in force until 1872, when the laws in relation to the settlement of estates underwent a thorough revision, and the widow's award was subordinated to the payment of funeral expenses only. The seventy-fourth section of an act in regard to the administration of estates, in force July 1st, 1872, provides that "the widow residing in this State, of a deceased husband, whose estate is administered on in this State, whether her husband died testate or intestate, shall, in all cases, in exclusion of debts, claims, charges, legacies and bequests, except funeral expenses, be allowed as her sole and exclusive property forever," the follow ing certain articles of personal property: and after specifying the several items, proceeds: "which shall be known as the widow's award, or the widow may, if she elect, take and receive in lieu of the foregoing, the same personal property or money in place thereof as is or may be exempt from execution or attachment against the head of a family residing with the

same.  Section 75 provides that "the appraisers shall make out and certify to the County Court an estimate of the value of each of the several items of property allowed to. the widow, and it shall be lawful for the widow to elect whether she will take the specified articles set apart to her, or take the amount thereof out of other personal property at the appraised value thereof, or whether she will take the amount thereof in money, or she may take a part in property and a part in money, as she may prefer."

" When there is not property of the estate of the kinds mentioned in the preceding section, the appraisers may award the widow a gross sum in lieu thereof, except for family pictures, jewels and ornaments."

The 109th section of the act provides: " When real estate is sold, the moneys arising from such sale shall be received by the executor or administrator applying for the order to sell, and shall be assets in his hands for the payment of the debts, and shall be applied in the same manner as assets arising from the sale of personal property."  The seventieth section provides that "all demands against the estate of any testator or intestate shall be divided into classes in manner following, to wit:

"First—Funeral expenses."

"Second—The widow's award, if there is a widow," and proceeding with the enumeration until the demands are divided into seven classes.   Section seventy-one provides that "all claims against estates, when allowed by the County Court, shall be classed and paid by the executor or administrator in the manner provided in this act, commencing with the first class; and when the estate is insufficient to pay the whole of the demands, the demands in any one class shall be paid *pro rata*, whether the same be due by judgment, writing, obligatory or otherwise, except as otherwise provided."  The foregoing provisions of the statute of 1872 are not materially different from the laws that were in force for the settlement of the estates of deceased persons at the time, of the decision in the case of Cruce, adm'r, v. Cruce et al., except as to the classification of demands in their order of payment.  The statutes in force at each period cast upon the widow, to the exclusion of the claims

of creditors, certain articles of personal property, with the privilege of taking in lieu thereof other property at its appraised value in whole or in part, or their value in money. But the statute in force at the time of the aforementioned decision made no specific provision for discharging the widow's award where it was not done from the personal estate. Hence, the court held that she would have to take her place among the general creditors provided for in the 4th class, and in case of the insolvency of the estate, she could only share *pro rata* in the distribution of the proceeds arising from the sale of real estate. In the case at bar, the plaintiff in error proceeded under a statute that arranged the demands against estates in their order of payment into seven classes, and fixed the widow's award for the second class. We think there can be no question but that when the widow elects to take the amount of the appraised value of her award in money, that she has a demand against the estate, and it is not less so when it becomes necessary to resort to the sale of real estate for its discharge.

The only theory upon which we can reach the conclusion that the widow stands on the same footing, under the statutes in force July 1st, 1872, that she did at the time of the rulings of the court in Cruce, adm'r, v. Cruce et al., is to assume that where the widow's award is not satisfied out of the specific property, or other property taken in lieu thereof, or by money derived from the personal assets, that her demand then loses the character of the widow's award, as contemplated by such statute, and is, therefore, not embraced in the specific classification of demands against an estate, made for her in the 70th section of said act. An analysis of this theory, however, readily shows that in case there are no personal assets, the proceeds of the sale of real estate, though amply sufficient, independent of funeral expenses, to pay the entire demand of the widow, may be wholly absorbed by the demands of other classified creditors, or mostly so in a *pro rata* distribution among those of the seventh class, to which the defendant in error insists the law confines the widow in the case before us. We think this view is not in harmony with the spirit of liberality manifested by our legislation for many years past in reference to this and kindred subjects.

We therefore hold that the plaintiff in error, after exhausting the personal estate in paying the balance due the widow out of the proceeds of the sale of real estate, to the exclusion of the demand of the defendant in error, acted in obedience to the command of the law.

And for the error in the Circuit Court in holding otherwise, its judgment is reversed and the cause remanded.

Reversed and remanded.